Nos. 71,803 and 72,259

In the Matter of Ross B. Griggs, *Respondent.*

(886 P.2d 786)

Opinion filed December 9, 1994.

*Stanton A. Hazlett*, deputy disciplinary administrator, argued the cause, and *Bruce E. Miller*, disciplinary administrator, was with him on the formal complaint for petitioner.

*Ross B. Griggs*, respondent, argued the cause pro se.

*Per Curiam*: This is an uncontested attorney disciplinary matter. The original proceedings in discipline were filed by the office of the Disciplinary Administrator against Ross B. Griggs, an attorney admitted to the practice of law in Kansas. Two separate complaints were filed, cases No. B5729 and No. 5757, which were set separately for hearing before the Kansas Board for Discipline of Attorneys. Respondent failed to appear at either hearing. Both cases were heard by this court on the same day. Respondent stated that he is in the oil and gas business. Although no longer engaged in the private practice of law, he requests that he retain his license to practice. Respondent suggests public censure. We reject the suggestion and impose indefinite suspension.

The essential facts, as determined by the panel, are not in dispute. Griggs has admitted the allegations in both complaints. He states that his answer should be considered to be an admission under Supreme Court Rule 212(d) (1993 Kan. Ct. R. Annot. 180).

## Case No. B5729—Ronald D. Mousel

In April of 1990, Ronald D. Mousel, a Nebraska attorney, contacted Griggs to employ him in an effort to collect a Nebraska judgment. Griggs agreed to represent Mousel in the collection of the judgment.

On January 29, 1991, Griggs sent Mousel a letter asking Mousel to send Griggs an authenticated copy of the Nebraska judgment. On February 5, 1991, Mousel responded to Griggs' request for information. An authenticated copy of the judgment was provided

to Griggs, and the information requested by Griggs' correspondence to Mousel was also provided.

From March 14, 1991, through February 12, 1992, Mousel wrote Griggs seven times inquiring about the status of the case. Mousel pointed out to Griggs that the judgment would become dormant if it were not executed upon.

### The Disciplinary Panel's Final Report

The following pertinent findings and recommendations were made by the panel:

#### "FINDINGS OF FACT

. . . .

"5. Basically the Respondent did nothing further on the case after February of 1991.

"6. Although the Disciplinary Administrator's Office wrote the Respondent a number of times and attempted to contact him a number of times, the Respondent failed to provide any response to the Complaint and would not return phone calls. He also did not provide a response to the letter of the Disciplinary Administrator's letter of February 16, 1993. He also never responded to any written requests from Karl R. Swartz, the investigator in this matter."

#### "MITIGATING OR AGGRAVATING CIRCUMSTANCES"

"The Respondent was informally admonished in June of 1989 in . . . No. B4566.

"The Respondent was issued an Order of Suspension from the Supreme Court of Kansas on November 4, 1993, for failing to pay his attorney registration fee for 1993."

#### "CONCLUSIONS OF LAW

"In reaching its decision the Hearing Panel finds the following law is applicable to matters before the Panel.

"1. MRPC 1.1 [1993 Kan. Ct. R. Annot. 258] [competence] provides as follows: 'A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.'

"2. MRPC 1.3 [1993 Kan. Ct. R. Annot. 263] [diligence] provides as follows: 'A lawyer shall act with reasonable diligence and promptness in representing a client.'

"3. MRPC 1.4 [1993 Kan. Ct. R. Annot. 267] [communication] provides as follows: '(a) A lawyer shall keep a client reasonably informed about the status

of a matter and promptly comply with reasonable requests for information. (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.'

"4. MRPC 8.4 (g) [1993 Kan. Ct. R. Annot. 347] [misconduct] provides as follows: 'It is a professional misconduct for a lawyer to: (g) engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.'

"5. Supreme Court Rule 207 [1993 Kan. Ct. R. Annot. 170] provides in effect that it is the duty of every lawyer to aid the Disciplinary Board in the investigation of any complaint of misconduct and to communicate to the Disciplinary Administrator."

## "RECOMMENDATION

"It is the recommendation of the Panel that the Respondent be indefinitely suspended from the practice of law."

### Case No. 5757—Donna Rusher

In early August of 1990, Donna Rusher asked Griggs to be her attorney in connection with a workers compensation claim and with a securities fraud claim Rusher felt she had against a company, Gourmet 500.

Griggs did not file the formal workers compensation claim on Rusher's behalf and never placed Gourmet 500 on notice that he was representing Rusher. Griggs also failed to take any action on the securities claim which he agreed to pursue.

Griggs agreed to a judgment being entered against Rusher by the Wichita Clinic for doctor bills which should have been recovered in the workers compensation claim. Rusher attempted to obtain information from Griggs several times regarding the status of the workers compensation case and the Wichita Clinic case but was unsuccessful.

### The Disciplinary Panel's Final Report

The following pertinent findings and recommendations were made by the panel:

#### "FINDINGS OF FACT

. . . .

"5. The Respondent failed to enter into a written contingent fee contract with regards to the workers compensation claim.

"6. The Respondent failed to cooperate with the Disciplinary Administrator's Office in connection with the investigation of this complaint."

## "MITIGATING OR AGGRAVATING CIRCUMSTANCES

"The Respondent was informally admonished in June of 1989 in Docket No. B4566.

"The Respondent was issued an Order of Suspension from the Supreme Court of Kansas on November 4, 1993, for failing to pay his attorney registration fee for 1993."

### "CONCLUSIONS OF LAW

"In reaching its decision the Hearing Panel finds the following law is applicable to matters before the Panel.

. . . .

"4. MRPC 1.5 (d) [1993 Kan. Ct. R. Annot. 270] [fees] provides as follows: 'A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined . . . .'

"5. MRPC 1.16 (d) [1993 Kan. Ct. R. Annot. 304] [declining or terminating representation] provides as follows: 'Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.'

"6. MRPC 3.2 [1993 Kan. Ct. R. Annot. 313] [expediting litigation] provides as follows: "A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

. . . .

"The Panel finds that the Respondent violated all of the above rules."

### "RECOMMENDATION

"It is the recommendation of the Panel that the Respondent be disbarred."

Respondent's admission of the allegations in each complaint meets the clear and convincing standard required by Supreme Court Rule 211(f) (1993 Kan. Ct. R. Annot. 178). Counsel for the Disciplinary Administrator stated during argument before this court that he would recommend indefinite suspension rather than disbarment if respondent: (1) appeared for his hearing and (2) returned Rusher's file within seven days after oral argument. Both requirements have been met. We elect to impose indefinite suspension rather than disbarment.

IT IS THEREFORE ORDERED that Ross B. Griggs be and he is hereby indefinitely suspended from the practice of law in the State of Kansas.

IT IS FURTHER ORDERED that Ross B. Griggs shall forthwith comply with Supreme Court Rule 218 (1993 Kan. Ct. R. Annot. 187).

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of the proceeding be assessed to the respondent.